**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **WAKILII BROWN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **1:21-cv-00504-LSC** |
| | ) | |
| | ) | |
| **JOHN Q. HAMM,** | ) | |
| **Commissioner, Alabama** | ) | |
| **Department of Corrections,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**MEMORANDUM OF OPINION AND ORDER**

**I.      Introduction**

Currently pending before the Court is Petitioner, Wakilii Brown's, Motion to Alter or Amend this Court's Memorandum of Opinion and Order denying his petition for writ of habeas corpus seeking relief from his state court conviction for capital murder and death sentence pursuant to 28 U.S.C. § 2254. (Doc. 41.) For the reasons that follow, the motion is due to be denied.

**II.      Standard of Review**

Brown's motion is timely filed pursuant to Federal Rule of Civil Procedure 59(e), which allows a party to file a motion to amend or alter the judgment of a court with 28 days after entry of that judgment, *see* Fed. R. Civ. P. 59(e). Rule 59 "was adopted to 'mak[e] clear that the district court possesses the power' to rectify its own

mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dep't of Employment Sec.*, 455 U.S. 445, 450 (1982). "The decision to alter or amend a judgment is committed to the sound discretion of the district court." *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006) (citations omitted). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation marks and internal brackets omitted). A manifest error of law is the "disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins.*, 224 F.3d 601, 606 (7th Cir. 2000) (internal quotation marks omitted). "A Rule 59(e) motion cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *King*, 500 F.3d at 1343 (quotation marks and internal brackets omitted).

## III.    Discussion

Brown contends that the Court's judgment contains manifest errors of law and fact with regard to its resolution of several of his claims. Brown also contends that even if this Court declines to reconsider its judgment and grant habeas relief, it should at the least grant a certificate of appealability.

This Court has thoroughly reviewed Brown's arguments, but the Court finds that his motion is an attempt to relitigate arguments that the Court has already considered and addressed in its Memorandum of Opinion and Order denying his

petition. The Court thus concludes that these arguments do not justify altering or amending the Court's judgment or granting a certificate of appealability.

## IV.   Conclusion

Having considered Brown's arguments and for the above reasons, it is ordered that Brown's motion to alter or amend the judgment (doc. 41) is hereby **DENIED**.

**DONE** and **ORDERED** on December 19, 2024.

_____
L. Scott Coogler
United States District Judge

160704